IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUAN POZORROW SCOTT, SR. PLAINTIFF

v. Case No. 4:26-cv-04039

DOE, Officer at Hempstead County Jail;
HEMSPTEAD COUNTY JAIL; and
DR. JOAN MCLEAN DEFENDANTS

# ORDER

Before the Court is a Motion to Reopen Case filed by Plaintiff Juan Pozorrow Scott, Sr. ECF No. 12. No response is necessary, and the Court finds the matter ripe for consideration.

## I. BACKGROUND

On May 5, 2026, Plaintiff filed two documents (labeled on the docket as "Complaint" and "Amended Complaint") with the United States District Court for the Eastern District of Arkansas. ECF Nos. 1, 2. This case was subsequently transferred to this district. In those documents, postmarked April 30, 2026, and May 1, 2026, Plaintiff explains that he is detained at the Hempstead County Detention Center ("HCDC") and would like to file a complaint[1] on a Section 1983 Form. ECF No. 1. Plaintiff explains that he was not given the Section 1983 Form from HCDC staff, despite requesting it. ECF No. 2. Plaintiff also states that he has a court hearing on May 4, 2026, and believes he will be released. ECF No. 1. Plaintiff provides his home address to the Court. ECF No. 2. On May 11, 2026, Plaintiff filed another document with the Court, in which he explains that he was not released at his May 4 court hearing and that he has another hearing set

[1] Plaintiff alleges that he was shot in the left eye by a jail officer standing less than four feet away. ECF No. 1. Plaintiff alleges that he fell due to the impact and dislocated or broke his thumb. *Id.* Plaintiff alleges that he was seen by the HCDC medical staff, who refused to take him to the hospital. *Id.* Plaintiff alleges that he cannot see out of his left eye. *Id.*

for May 11, 2026. ECF No. 3. Plaintiff again requests a Section 1983 Complaint from the Court. *Id.*

On May 18, 2026, the Honorable Spencer G. Singleton, Magistrate Judge for the Western District of Arkansas, found that Plaintiff's Complaint and First Amended Complaint were deficient because they were not submitted on the court-approved Section 1983 Form. ECF No. 8. Judge Singleton directed the Clerk of Court to mail Plaintiff the Section 1983 Form and an *in forma pauperis* (IFP) application. ECF No. 8. The Clerk of Court mailed the Section 1983 Form, IFP application, and 1983 Litigation Packet to Plaintiff at the HCDC; however, the mail was returned as undeliverable on June 1, 2026. ECF No. 9. According to an internal docket note, Plaintiff called the Clerk of Court on August 10, 2026. He stated that he had just been released from jail, was unaware of the returned mail, and would send a notice of change of address.

On September 25, 2026, Judge Singleton issued a Report and Recommendation, recommending that Plaintiff's case be dismissed for failure to prosecute. ECF No. 10. On October 27, 2026, after the deadline for objections had passed, the Court adopted the Report and Recommendation and dismissed Plaintiff's case. ECF No. 11. Two weeks after the Court dismissed Plaintiff's case, Plaintiff filed the instant Motion to Reopen. ECF No. 12. Plaintiff advises that he is "still an inmate at Hempstead County Detention Center" as of November 2, 2026, and will provide a new address if he is released. *Id.* Plaintiff also explains that he asked HCDC staff to forward his legal mail to his home address upon his release, but they did not do so. *Id.*

## II. DISCUSSION

The Court interprets Plaintiff's Motion to Reopen as a motion to reconsider the October 27, 2026 Order dismissing his case for failure to prosecute. Rule 60(b) provides relief from a final

judgment or order for reasons such as "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justified relief." Fed. R. Civ. P. 60(b)(1), (b)(6).

Upon review, the Court finds that relief is justified in this case. In his first filing, Plaintiff informed the Court that he believed he would be released from HCDC and provided his home address. The returned mail was not sent to that address. Plaintiff received no mail from the Court after filing his case, and he was not informed of his duty to keep the Court appraised of his address. Further, Plaintiff updated the Court with his new location when he was detained again at HCDC. ECF No. 12.

## III. CONCLUSION

For this reason, the Court's Order (ECF No. 11) is hereby **SET ASIDE**. The Clerk of Court is **directed** to reopen this case. The Clerk of Court is also **directed** to mail Plaintiff a copy of this Order, a court-approved Section 1983 Form, an IFP application, and the Section 1983 Litigation Packet.

**Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address. The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change.**

The matter is referred to the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas for all pretrial matters.

**IT IS SO ORDERED,** this 17th day of November, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge